VALLE (WICKHAM v.).   See Case No. 17,-613.

## Case No. 16,818.

### VALLEJO v. UNITED STATES.

[Hoff. Dec. 66.]

District Court, N. D. California.   1862.

#### MEXICAN LAND GRANT—CONDITION.

[Construction of grant as being conditional upon the erection of a mill on the land granted.]

[Claim by José de Jesus Vallejo for 1,000 varas, known as the "Vallejo Mill Grant," and granted to him December 30, 1840, by Manuel Jimeno. Claim filed March 2, 1852, and rejected by the commission October 18, 1853.]

HOFFMAN, District Judge. Claim for 1,000 varas of land near Santa Clara. The expediente shows that on the 22d October, 1840, Vallejo petitioned for 1,000 varas of land near Santa Clara for building a water mill, and for cultivation. On the 30th December, 1840, Manuel Jimeno, gobernador interino, made his decree of concession, and a borrador of the final document issued to the party is attached to the expediente. The grant itself, dated December 30, 1840, is produced by the claimants. The genuineness of these documents is not disputed. It is not alleged that the grant was approved by the departmental assembly, or that judicial possession was given of the land. The claim was rejected by the board. The only additional testimony taken in this court is that of Gonzales. This witness states that in 1842 or 1843 Vallejo put some cattle upon the land. It is not pretended that he ever occupied, cultivated, or built a house or fences upon it until long after the conquest of the country. In his petition to the governor, Vallejo states that he has not found it convenient to locate his water mill on the site for which he had previously applied, but rather on that of which he annexes a sketch, in order that, after an examination of its situation, his excellency may be pleased to grant him the use of the machine before mentioned. And, in order to furnish the necessary motive power for the mill, he solicits the use of the arroyos arising in sierra towards the southeast, so that, uniting them by means of a dam, he may turn them towards the indicated object. And he further solicits one thousand varas of land for sowing, as the dotted figure on the sketch shows. The grant recites that: "Whereas Don José de J. Vallejo has solicited a grant of one thousand varas of land, with the object of cultivating it and establishing thereon a flour mill by means of the use of the water flowing from the small lake contiguous to the said land, together with the waters of three brooks to the east of said land, I have thought proper to grant him the said one thousand varas of land, together with the use of said waters, on the following conditions: * * * 3. He may use the waters flowing from the small lake, and those of three brooks on the east of the land, without preventing any benefit which said waters may now be affording, and until the time when the government may desire to render them useful for the wants of any new settlement or village, or for private individuals, who may pretend to settle on ranchos to provide for their support and that of their families, they being always obliged to let the waters flow towards the land of the present grantee."

It is evident, from the terms of these documents, that the sole purpose for which the

land was solicited and granted was the erection of a mill. The 1,000 varas are asked with the avowed object of using them as sowing lands, while the waters of the laguna and the creeks were to furnish motive power. It is apparent that Vallejo has not even attempted to comply with the conditions, or to render any part of the consideration on which the grant was issued. The evidence of Gonzales is vague and unsatisfactory, and at best merely amounts to a statement that, in 1842 or 1843, some cattle belonging to Vallejo were upon the land.

This testimony would, under the ruling of the supreme court in U. S. v. Teschemacher, 22 How. [63 U. S.] 402, 403, be wholly insufficient, even if the grant had been made under the usual conditions merely of occupation and settlement. But in this case the erection of a mill was evidently the main condition of the grant. The undertaking of Vallejo was voluntary, and was the inducement held out by him to obtain the grant. He has never even attempted a compliance with any part of his contract, and, under the circumstances, must be held to have abandoned and forfeited his claim. U. S. v. Buck, 15 Rel. 222; Noes' Case, 23 How. [64 U. S.] 315, 316; Fuente's Case, 2 How. [43 U. S.] 460. That Vallejo, in fact, relinquished all idea of availing himself of Jimeno's concession might also be presumed from the circumstance that he subsequently obtained a grant for a much larger and more valuable rancho, to the cultivation and improvement of which he, doubtless, devoted his entire attention. The decision of the board must be affirmed.

